IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE   )
INSURANCE COMPANY,             )
                               )
            Plaintiff,         )
                               )
    v.                         )   No. 2:03-cv-1379
                               )   Judge Thomas M. Hardiman
DENNIS H. BISH and             )
SANDRA L. BISH,                )
                               )
            Defendants.        )

## OPINION

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) filed this declaratory judgment action against its insureds, Defendants Dennis and Sandra Bish, seeking a declaration that the Bishes are not entitled to underinsured motorists (UIM) benefits. Presently before the Court is State Farm's motion for summary judgment, which alleges that the stacking waiver and household exclusion contained in each of the insurance policies at issue bar Defendants' recovery.

### I.   Procedural History

State Farm brought this action on September 17, 2003. On November 22, 2004, the Bishes' counsel, on behalf of both parties, sent a letter to the Court stating that the Pennsylvania Supreme Court "will be deciding the very same issue which is currently before Your Honor in the instant case." Accordingly, the letter suggested that the Bishes' case be put on hold until the Pennsylvania Supreme Court decided *Craley v. State Farm Fire and Casualty Co.*, 895 A.2d 530

(Pa. 2006). The letter concluded, "counsel for both parties sincerely believe that the interests of all concerned will be best served by allowing the Supreme Court of Pennsylvania to decide the issue in question and to then proceed in accordance with its decision." On November 29, 2004, this Court responded to the parties' counsel in a letter that agreed to stay the Bishes' case until the Supreme Court decided *Craley*. On April 21, 2006, the Supreme Court decided *Craley*, and on May 24, 2006, State Farm moved for summary judgment.

## II.   Factual Background

On July 2, 1995, while driving southbound on Interstate 95 near Clinton, Connecticut, the Bishes' vehicle, a 1991 Dodge Caravan insured by State Farm, was struck by another vehicle driven by Erika Cohen that crossed the highway median from the northbound side. The Bishes and their son all suffered severe injuries as a result of the accident. Following legal action against Cohen, the Bishes obtained the full amount of automobile liability insurance limits available under Cohen's policy.

The Bishes then made a claim for UIM benefits under State Farm Policy #436-8642, which provided UIM benefits on the Dodge Caravan in the Bishes' name in the sum of $100,000 per person and $300,000 per occurrence. The Bishes each recovered $100,000 in partial settlement of their claims. Thereafter, the Bishes sought UIM benefits under three additional policies issued by State Farm which were in effect at the time of the collision. Each of the additional policies was issued separately for three other motor vehicles owned by various members of the Bish household, which included the Bishes and their two sons, both of whom

resided with their parents. Each of these additional policies provided for UIM benefits of $100,000 per person and $300,000 per occurrence.

The Bishes signed stacking waivers on all three additional policies, which state in part: "I understand that my premiums will be reduced if I reject this coverage." The Bishes dispute, however, that they ever agreed to any household exclusions. In response, State Farm attached to its motion for summary judgment a "specimen" policy for Policy #436-8642, which it avers contains language identical to that contained in the three other policies. Although the Bishes recently argued that the specimen policy was not the same as the policies they signed, State Farm has submitted unrebutted affidavits that demonstrate that the policies signed by the Bishes contained the household exclusion provision found in the specimen policy.

### III. Standard of Review

Summary judgment is required on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). An issue is "material" only if the factual dispute "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

"Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*,

477 U.S. 317, 327 (1986) (internal quotation marks omitted). The parties have a duty to present evidence; neither statements of counsel in briefs nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must make a showing sufficient to establish the existence of each element essential to her case on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## IV. Analysis

### A. The Pennsylvania Supreme Court's Decision in *Craley* Dictates that the Bishes' Waiver of Inter-Policy Stacking Bars Recovery as a Matter of Law.

Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law states:

> (a) Limit for each vehicle.—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> (b) Waiver.—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

75 Pa. Cons. Stat. §1738. Although section 1738(b) plainly allows for waiver of stacked coverages, the question whether section 1738(b) permits the waiver of stacking between multiple

policies (inter-policy stacking) or only within the same policy (intra-policy stacking) has been the subject of dispute.

The Pennsylvania Supreme Court recently clarified this issue in *Craley*. There, Mrs. Craley was killed when a drunk driver collided with her vehicle. Her husband recovered the limits on a policy issued by State Farm, for which Mrs. Craley was the named insured and which included the car she was driving at the time of the accident. Mr. Craley then attempted to recover benefits under a separate policy issued to him by State Farm covering his pickup truck, which did not cover the car involved in the accident. Significantly, with respect to the policy covering his truck, Mr. Craley had signed a waiver of stacking. The trial court nevertheless concluded that section 1738(b) permitted the waiver only of intra-policy stacking, based on its use of the single noun "policy" as opposed to plural noun "policies." Accordingly, the waiver of stacking signed by Mr. Craley did not obviate State Farm's responsibility to pay claims for stacked benefits on the multiple policies.

The state trial court in *Craley* also examined the validity of the "household exclusion" contained in Mr. Craley's policy, which provided that "there is no coverage for bodily injury to an insured under Coverage U3: (1) While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for this coverage under this policy . . . ." *Id.* at 534 (footnote omitted). State Farm argued in *Craley* that the waiver of stacking, coupled with the household exclusion, prevented recovery. The trial court first ruled that the "waiver provisions in Section 1738 did not apply to inter-policy stacking" and then held the household exclusion void as against public policy. *Id.* State Farm appealed, and the Pennsylvania Superior Court reversed, holding that household exclusions such as the one in Mr. Craley's policy are valid.

5

While basing its decision on the household exclusion, the Superior Court also noted that it was "hard-pressed to understand how there can be a statutory right to allow stacking which cannot be waived in inter-policy situations but allow it to be taken away by a household vehicle exclusion." *Id.* at 536.

On appeal, the Pennsylvania Supreme Court affirmed the Superior Court's decision on both grounds.[1] The Supreme Court analyzed section 1738 in detail and concluded: "Section 1738(a) . . . unambiguously provides for inter- as well as intra-policy stacking, thus expressing the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid waiver. . . . Thus, we resolve any ambiguity present in subsection (b) in favor of allowing consumers the choice to waive the coverage and thereby reduce their premiums." *Id.* at 539-40. Based on this determination, the Court concluded that "inter-policy stacking can be waived and, in fact, was waived under the facts of this case. . . . Instead, because State Farm paid the Craleys $30,000 under [Mrs. Craley]'s policy, which was the stated limit under both [Mrs. Craley]'s policy and [Mr. Craley]'s policy, they can not claim any additional benefit under [Mr. Craley]'s policy." *Id.* at 542.

The Bishes now argue, despite their earlier position to the contrary, that *Craley* does not control their case because it addressed only the question of inter-policy stacking, whereas State Farm framed the issue as "whether, since inter-policy stacking was waived, the household exclusion precludes the [Bishes] from recovering the sum of the limits for each motor vehicle as

---

[1] The Supreme Court held that the Superior Court's discomfort with respect to the bar on inter-policy stacking waivers was correct as a matter of state law. As such, it neither addressed nor disturbed the lower court's reasoning with respect to household exclusions. One concurring justice, in particular, wrote that the inter-policy stacking waiver and household exclusion were two independently sufficient reasons to preclude recovery in that case. *See id.* at 544 (Eakin, J., concurring).

6

to which they are insured." According to the Bishes, this single sentence from State Farm's brief prevents State Farm from relying on *Craley*. The balance of State Farm's brief, however, does not treat *both* the inter-policy stacking waiver and the household exclusion as necessary to a disposition of the instant motion in its favor. Because State Farm's waiver of stacking argument is not inextricably tied to its household exclusion argument, State Farm may rely on *Craley* here.

The Bishes also contend that *Craley* does not control their case because the exclusionary clause at issue here violates the public policy considerations underlying section 1738. Yet, the "exclusionary clause" to which the Bishes refer is the household exclusion clause, and as they themselves have already argued, the Pennsylvania Supreme Court's decision in *Craley* addressed only inter-policy stacking. In any event, at no point in their brief in opposition to summary judgment did the Bishes argue that the inter-policy stacking waiver violates public policy. Even if they had, once the *Craley* court found that the public policy of cost containment was served in that case, it had little trouble finding the inter-policy stacking waiver enforceable. *Id.* at 542. Similarly, it is undisputed in this case that the Bishes' agreement to waive stacking reduced their premiums on each of their four policies with State Farm.

As the Pennsylvania Supreme Court has the final say on questions of Pennsylvania state law, and *Craley*'s holding with respect to inter-policy stacking is applicable to this case, all that remains for this Court to determine is whether the *Craley* rule as applied here yields the same result. The Court finds that the facts in *Craley* are analogous to those in the instant case. First, the waiver of stacking language in this case mirrors that in *Craley*. Second, it is undisputed that the Bishes waived stacking on all four of their policies. Third, they have recovered the stated limits under the policy covering the vehicle involved in the accident. For these reasons, the

Bishes cannot claim additional benefits under the other policies, and State Farm is entitled to summary judgment.

### B. Even in the Absence of *Craley*, the Household Exclusions Contained in Each of the Bishes' Three Additional Policies Bar Recovery as a Matter of Law.

Even if *Craley* were distinguishable from the facts of the instant case, the Bishes still would be barred from recovery on the three additional policies because they included household exclusion provisions, which state:

> THERE IS NO COVERAGE FOR BODILY INJURY TO AN INSURED UNDER COVERAGE W3: While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for coverage under this policy.

Based on the record, the Court concludes that the Bishes have not adduced sufficient evidence to contravene State Farm's sworn affidavits that the Bishes' policies contained household exclusions. The general rule is that where an original policy is unobtainable, the introduction of a specimen policy that an insurer affirms is a true and correct copy of the policy, does not violate the best evidence rule. *See Devlin v. Piechoski*, 110 A.2d 241, 243 (Pa. 1955); *see also Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir. 1992); *Flick v. Borg-Warner Corp.*, 892 F.2d 285, 288 (3d Cir. 1989) ("It is elementary that the loss of a copy of a document does not foreclose establishing its contents through the testimony of the draftsman, those who read the plan, or others who might have knowledge of its provisions."). State Farm produced three separate affidavits stating that each of the original policies issued and mailed to the Bishes contained household exclusions identical to the one contained in State Farm's specimen policy. In particular, the affidavits state that the specimen policies provided are identical to and "are exact replicas of those issued to the Bishes." In the absence of any record

evidence to the contrary, these affidavits defeat the Bishes' claim that there is insufficient evidence to show that their policies contained household exclusions.

As stated previously, the Supreme Court in *Craley* did not upset the holding or rationale of the Superior Court that the household exclusion at issue there—which contained the exact same language as the one just quoted—barred recovery. *See* 895 A.2d at 532, 534; *State Farm Fire & Cas. Co. v. Craley*, 844 A.2d 573, 574 (Pa. Super. Ct. 2004). In fact, the Court characterized as "*per se*" the Superior Court's validation of household exclusions and did not retreat from such an expansive rule. *See* 895 A.2d at 535. Moreover, the Supreme Court itself has repeatedly held that household exclusions essentially identical to those in the Bishes' policies do not violate public policy. *See, e.g., Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 754-55 (Pa. 2002); *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1010 (Pa. 1998).

The Bishes' attempts to distinguish the foregoing cases are unpersuasive. They argue that a household exclusion is unenforceable whenever all vehicles and users are protected with a high amount of UIM coverage because enforcement of the exclusion under such circumstances would result in no cost savings to the insured. In their case, the Bishes did pay full premiums on four policies. However, the Bishes presumably would have paid *even higher* premiums had they not signed policies containing household exclusions. This does not mean that all household exclusions are enforceable, but whatever remains of the doctrine of their unenforceability as against public policy, the Bishes have not cited, nor has this Court found, reported Pennsylvania state cases holding a household exclusion unenforceable solely because the insureds have paid sufficiently "high" premiums for "higher" coverage amounts. Thus, it would be inappropriate for this Court to craft an exception to the general rule established by Pennsylvania courts that

household exclusions are valid. As an additional ground to support the grant of summary judgment in State Farm's favor, then, the valid household exclusions found in the Bishes' policies bar the recovery they seek.

An appropriate Order follows.

Dated: September 25, 2006

Thom M. Hardiman
Thomas M. Hardiman
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:03-cv-1379<br>) Judge Thomas M. Hardiman |
| DENNIS H. BISH and<br>SANDRA L. BISH, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

AND NOW, this 25th day of September, 2006, upon due consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 17) and Defendants' response thereto (Doc. No. 19), it is hereby

ORDERED that said motion is GRANTED and Plaintiff is not obligated to provide underinsured motorist benefits to Defendants under policy numbers 436-8644, 907-7662, and 910-4080, with respect to the accident that occurred on July 2, 1995.

The Clerk of Courts is directed to mark this case CLOSED.

BY THE COURT:

_Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge